IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOMMIE JEAN SHANKS, etc., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CIV. A. NO. 18-505-JB-MU |
| ) | |
| GLOBE METALLURGICAL, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On January 3, 2019, Plaintiffs filed a Motion to Remand this action to the Circuit Court of Dallas County, Alabama, on the ground that this Court lacks jurisdiction. (Doc. 16). Defendant A&G Manufacturing, Inc. d/b/a A&G Mercury ("A&G") filed a response in opposition to the motion to remand on January 23, 2019 (Doc. 24), and Plaintiffs filed a reply brief on January 30, 2019 (Doc. 29). Plaintiffs' motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case, the undersigned recommends that Plaintiffs' motion to remand be **GRANTED** and that this action be **REMANDED** to the Circuit Court of Dallas County, Alabama.

## BACKGROUND

On April 24, 2018, Stephen Jamar Shanks, while employed by Defendant Globe Metallurgical, Inc. ("Globe"), was seriously injured in a job-related accident. Stephen died on May 6, 2018 as a result of his injuries. Plaintiffs Tommy Jean Shanks and Willie Lee Shanks, Stephen's parents, filed a complaint against Globe and several fictitious defendants seeking worker's compensation benefits and damages based on claims

alleging removal of safety devices, products liability, and negligent failure to warn or guard on May 4, 2018 in the Circuit Court of Dallas County, Alabama. (Doc. 1-1). On October 24, 2018, Plaintiffs filed their First Amended Complaint adding Erica Acoff, individually, as a dependent of Stephen, and as next friend of Jamar Acoff, a minor and dependent of Stephen, as a plaintiff and adding A&G and Yale Carolinas as defendants. (Doc. 1-2 at p. 5). In the amended complaint, Plaintiffs continued to assert claims against fictitious defendants. Plaintiffs identified "Fictitious Defendants 'A,' 'B,' and 'C' [as] those Alabama resident adult citizens who were co-employees of Stephen Jamar Shanks whose willful, intentional, and otherwise wrongful acts either caused or contributed to cause the injuries and damages to the Plaintiffs…." (*Id*. at p. 7). Plaintiffs' first amended complaint included a worker's compensation claim for death benefits against Globe, a "dual capacity" theory of tort liability against Globe, and third-party tort claims against A&G and Yale, as well as state-law tort claims against fictitious defendants.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant A&G, with the consent of Defendants Globe and Yale, filed a Notice of Removal of this action to this Court on December 5, 2018, in which it alleged complete diversity between Plaintiffs and Defendants and an amount in controversy in excess of $75,000. (Doc. 1).[1] On January 2, 2019, Plaintiffs filed a second amended complaint, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, in which they added Scott Patterson, Steve Smith, and Antonio Williams, three of Stephen's co-employees at Globe, who had

---

[1] A&G acknowledges that the worker's compensation claim against Globe is subject to the jurisdictional bar of 28 U.S.C. § 1445 for such claims. (Doc. 1 at p. 2).

2

previously been described in the first amended complaint as Fictitious Defendants A, B, and C. (Doc. 15 at pp. 1-3). Because these three defendants, like Plaintiffs, are residents of Alabama, Plaintiffs filed a motion to remand this action to state court on January 3, 2019 based on lack of diversity jurisdiction. (Doc. 16).

**CONCLUSIONS OF LAW**

Defendant A&G removed this action to federal court, with the consent of Defendants Globe and Yale, on December 5, 2018 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because A&G removed this case to federal court, it has the burden of proving that federal jurisdiction exists. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998); *Brown v. Endo Pharmaceuticals, Inc.*, 38 F. Supp. 3d 1312, 1321 (S.D. Ala. 2014). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "**all doubts about jurisdiction should be resolved in favor of remand to state court**." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added); *see also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that any questions or doubts are to be resolved in favor of returning the case to state court).

Section 1332(a)(1) provides, in relevant part, that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States." For purposes of §§ 1332 and 1441, "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business…." 28 U.S.C. § 1332(c)(1). The parties do not dispute that the amount in

3

controversy exceeds $75,000. (Doc. 1 at pp. 5-6; Doc. 16 at p. 5). At the time of removal, the operative complaint was Plaintiffs' First Amended Complaint, which had been filed in state court on October 24, 2018. (Doc. 1 at pp. 3-4). In the First Amended Complaint, Plaintiffs asserted a claim for worker's compensation benefits against Globe, a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AELMD") against A&G and Yale, a dual capacity of employer as designer of manufacturer claim against Globe, a negligent failure to warn or guard claim against A&G and Yale, and several claims against fictitious defendants. For the purpose of assessing the propriety of removal based on diversity jurisdiction, the citizenship of parties sued under fictitious names is to be disregarded. 28 U.S.C. § 1441(b)(1); *see Walker v. CSX Transp., Inc.,* 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) (noting "that the fictitious defendants were likely Georgia citizens did not destroy complete diversity because § 1441(a) requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction").

The threshold issue is whether complete diversity existed **at the time of removal** between all Plaintiffs and all named Defendants. According to the First Amended Complaint, Plaintiffs are each residents and citizens of Dallas County, Alabama. (Doc. 1-2 at p. 6). Defendant Globe is incorporated under the laws of Delaware and has its principal place of business in Beverly, Ohio. (Doc. 1-2 at p. 6; Doc. 1-3 at p. 1). Defendant A&G is incorporated under the laws of Ohio and has its principal place of business in Galion, Ohio. (Doc. 1-2 at p. 7; Doc. 1-4 at p.2). Defendant Yale is incorporated under the laws of the state of North Carolina and has its principal place of business in Charlotte, North Carolina. (Doc. 1-2 at p. 7; Doc. 1-5 at p. 2). Because all Plaintiffs and all Defendants were diverse in citizenship and because the amount in

4

controversy was met, federal jurisdiction based on diversity of citizenship was present at the time of removal. Yet, Plaintiffs argue that the case is due to be remanded on two grounds. First, Plaintiffs assert that this Court cannot exercise jurisdiction over a claim for worker's compensation benefits under the Alabama Worker's Compensation Act, such as the claim asserted against Globe in the First Amended Complaint. Second, Plaintiffs argue that this case is due to be remanded in its entirety because, shortly after removal and within the time period allowed for amending the complaint without leave of court, Plaintiffs amended their complaint to add three defendants who are residents of Alabama and, therefore, not diverse from Plaintiffs. Plaintiffs argue that, because complete diversity no longer exists, this Court no longer has subject matter jurisdiction and this action is due to be remanded *in toto.* The Court will address the second ground raised by Plaintiffs first.

The issue presented is whether the amendment to the complaint, which essentially substituted three named defendants for previously identified fictitious defendants and which unquestionably destroyed complete diversity, also divested this Court of federal subject matter jurisdiction. On January 2, 2019, Plaintiffs filed their Second Amended Complaint, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, as a matter of course, as it was filed within 21 days of service of a responsive pleading. (Doc. 15). In the Second Amended Complaint, Plaintiffs added claims against three co-employees of Plaintiff who reside in Alabama. (Doc. 15 at pp. 2-3). The claims asserted against these Defendants were the same or substantially similar to claims that had been made against fictitious defendants in the First Amended Complaint, which had been filed in state court prior to removal. The fictitious defendants

were identified in the First Amended Complaint as follows: "Fictitious Defendants 'A,' 'B,' and 'C' are those Alabama resident adult citizens who were co-employees of Stephen Jamar Shanks whose willful, intentional, and otherwise wrongful acts either caused or contributed to cause the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to the Plaintiffs at this time but will be substituted by amendment once ascertained." (Doc. 1-2 at p. 7).

Neither the Federal Rules of Civil Procedure, the removal statutes, or previous decisions in the Eleventh Circuit directly address whether the exact situation presented here constitutes a joinder of additional parties which would invoke the provisions of 28 U.S.C. § 1447(e)[2] or whether adding named non-diverse defendants in place of fictitious defendants within the time allowed for amending as of course automatically divests the court of subject matter jurisdiction based on diversity. Having reviewed cases in both this jurisdiction, as well as others, and examined the applicable rules and statutes, the Court finds that holdings in other jurisdictions that have addressed this issue are instructive here. Some cases have indicated that the decision to deny or permit joinder that is required by § 1447(e) must be made by the court even when an amendment is made as a matter of course pursuant to Rule 15(a)(1). For example, in *Dunigan v. Countrywide Home Loans, Inc.*, the court held that "[a]lthough §1447(e) mentions joinder specifically, the statute has been held to apply when a plaintiff seeks to amend a complaint to replace "John Doe" defendants with defendants identified by name." Civ. A.

---

[2] Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

No. 1:08-CV-3735-CC, 2009 WL 10698799, at *3 (N.D. Ga. Sept. 10, 2009) (citing *Doleac ex re. Doleac v. Michalson*, 264 F.3d 470, 476-77 (5th Cir. 2001); *Casas Office Machs., Inc., v. Mita Copystar Am., Inc.,* 42 F.3d 668, 673-75 (1st Cir. 1994)). On the other hand, in *Curry v. U.S. Bulk Transportation, Inc.,* the Sixth Circuit found that "[p]ersuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint." 462 F.3d 536, 540 (6th Cir. 2006). In *Curry*, the Sixth Circuit reversed the district court's entry of summary judgment in favor of the defendant on the ground that the district court lacked subject matter jurisdiction over the action when two defendants were identified and substituted as non-diverse defendants after removal. *Id.* at 539-43. Even though the plaintiff did not file a motion to remand, the Sixth Circuit indicated that once the complaint was amended to add non-diverse parties, the district court lacked jurisdiction over the action and should have *sua sponte* remanded the case. *Id.*

After thoughtful consideration, this Court concludes that it is not necessary for it to decide between these two options because the result would be the same in this case under either option. If this Court adopts the reasoning set forth in *Curry,* the amendment naming non-diverse defendants in place of fictitious defendants, which was filed after removal, but within the time allowed for amendments as a matter of course, would result in a finding that diversity and, therefore, subject matter jurisdiction did not exist as of the time of the filing of the amended complaint. Accordingly, remand would seemingly be appropriate without any further analysis. However, if the Court follows the reasoning of courts that find that § 1447(e) applies to amendments adding parties as a matter of

course, then the Court must determine whether to "(1) deny joinder; or (2) permit joinder and remand [plaintiffs'] case to state court." *Ingram,* 146 F.3d at 862 (noting that a district court has no discretion to add a non-diverse defendant, then "retain jurisdiction and decide the case on the merits"). "The determination of which of these options is more appropriate in a particular case 'is left to the discretion of the district court.'" *Starnes Davis Florie, LLP v. GOS Operator, LLC,* Civ. A. No. 12-0387-WS-N, 2012 WL 3870413, at *3 (S.D. Ala. Sept. 5, 2012) (quoting *Fontainebleau Gardens Condominium Ass'n, Inc. v. Pacific Ins. Co.,* 768 F. Supp. 2d 1271 (S.D. Fla. 2011)).

Although allowing joinder that would destroy diversity is within the discretion of the district court, case law within the Eleventh Circuit, as well as other circuits, instructs courts to consider four factors in evaluating whether to permit joinder pursuant to § 1447(e): "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities." *Id.* (quoting *Scipione v. Advance Stores Co., Inc.,* No. 8:12-cv-687-T-24-AEP, 2012 WL 3105199, at *2 (M.D. Fla. July 31, 2012) (citations and internal quotation marks omitted)); *see also Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987); *Holiday Isle, LLC v. Clarion Mortg. Capital, Inc.,* Civ. A. No. 07-00798-CG-C, 2008 WL 1756369, at *2 (S.D. Ala. Apr. 11, 2008). "This framework is designed to facilitate the balancing of the defendant's interest in maintaining a federal forum with the competing interest disfavoring parallel lawsuits in federal and state courts." *Holiday Isle,* 2008 WL 1756369, at *2.

The first factor to consider is the extent to which the purpose of Plaintiffs'

amendment is to defeat federal jurisdiction. In this case, it is clear that, at the time the First Amended Complaint was filed in state court, approximately six weeks prior to removal, Plaintiff intended to substitute individual defendants "who were co-employees of Stephen Jamar Shanks whose willful, intentional, and otherwise wrongful acts either caused or contributed to cause the injuries and damages to the Plaintiffs" and that Plaintiffs did not know the exact identity of those individuals at that time. (Doc. 1-2 at p. 7). There is no indication in this case that Plaintiffs amended their complaint to add the individual co-employee defendants for the purpose of defeating federal jurisdiction. *See Adams v. Int'l Paper Co.,* Civ. A. 17-0105-WS-B, 2017 WL 1828908, at *4 (S.D. Ala. May 5, 2017) (finding the plaintiffs met this factor when "the amended pleading simply presented the claims that plaintiffs had always intended to bring, under theories that plaintiffs had always intended to raise, against defendants that plaintiffs had always intended to sue"). The Court finds that this factor weighs in favor of Plaintiffs.

The second factor to evaluate is whether Plaintiffs have been dilatory in amending their complaint to add the individual co-employee defendants. A&G removed this action approximately six weeks after the first Amended Complaint was filed, and Plaintiffs filed their Second Amended Complaint, which named the individual co-employee defendants, less than one month after the case was removed and within the time allowed for amendments as a matter of course. No scheduling order had been entered as of the date of the amendment, and the case was in its early stages. Under these circumstances, the Court finds that Plaintiffs have not been dilatory in amending their complaint to add the non-diverse defendants.

The third factor to consider is whether Plaintiffs will be significantly injured if the amendment is not allowed. While it is true that a defendant's right to seek a federal forum by removal bears some weight, so too does the plaintiff's interest in avoiding duplicate litigation in two separate courts. If Plaintiffs were not allowed to amend their complaint to add the individual co-employee defendants, they would have to continue to litigate their action against A&G and Yale in this Court and would have to bring their claims against the co-employee defendants in the Circuit Court of Dallas County. Under this scenario, many of the same factual and legal questions would be contested in two separate courts, wasting precious judicial resources and increasing the cost of the litigation for all parties. In addition to having to bear the costs of separate litigation to pursue their claims, Plaintiffs could potentially have to sit through two separate trials concerning the death of their loved one. *See Adams*, 2017 WL 1828908, at * 5 (noting that disallowance of the amendment would place the plaintiffs "in the unenviable position of having to maintain parallel proceedings … with the attendant inefficiencies and additional expense that entails") ;*Thomas v. Eight Mile Nursing & Rehab Center LLC,* Civ. A. No. 15-00051-KD-N, 2015 WL 1778359, at *4 (S.D. Ala. April 20, 2015) (allowing amendment and noting that "[t]wo suits would cause Plaintiff to bear the expense of maintaining parallel suits, including duplicative discovery costs and time, and would result in a lack of judicial economy"). "While [P]laintiff may be able to file against [the non-diverse defendants] in a separate lawsuit, the inefficiency of proceeding in parallel forums and the desirability of providing complete relief in one lawsuit" support a finding "that the third factor weighs in favor of allowing the amendment." *Holiday Isle,* 2008 WL 1756369, at *3.

Consideration of the fourth factor, whether there are other equities bearing on whether this Court should allow the amendment, also weighs in favor of allowing the amendment. This case was only recently removed to this Court. No scheduling order has been entered, and the date for amending pleadings and joining parties has not yet even been set. "Little effort will have been wasted in this case if it is returned to state court, whereas failing to remand it will result in double litigation." *Taylor v. Ala. CVS Pharm., LLC,* Case No. 7:16-cv-1827-TMP, 2017 WL 3009695, at *9 (N.D. Ala. July 14, 2017). In addition, this action would not have been removable if Plaintiffs had known the identities of the individual co-employee defendants at the outset. Under these circumstances, A&G's choice of a federal forum is a mere fortuity that is not entitled to dispositive weight. The expense, inconvenience, and inefficiency of forcing Plaintiffs to maintain separate, parallel suits in two different courts, as well as the doubling of the expenditure of judicial resources favor allowing the amendment. Thus, the Court concludes that the equities in this case favor allowing Plaintiffs to join the non-diverse defendants under § 1447(e). *See Adams,* 2017 WL 1828908, at *4-5.

Section 1447(e) states that if the Court permits joinder, the action should be remanded to state court. However, citing *Lamar v. Home Depot,* 907 F. Supp. 2d 1311 (S.D. Ala. 2012), A&G contends that the Court should sever the worker's compensation claim against Globe and the co-employee claims against the non-diverse co-employee defendants and remand those to state court, while retaining jurisdiction in this Court over the third-party claims against A&G and Yale.  Section 1445(c) of the federal removal statute states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of

the United States." 28 U.S.C. § 1445(c). In *Lamar*, a case originating in this district, but with which the majority of other federal courts in this state and others have disagreed, the court held that a worker's compensation claim should be severed from state law claims over which the court had diversity jurisdiction, with the worker's compensation claim being remanded as required by § 1445(c) and the federal court retaining jurisdiction of the remaining state law claims. *Id.* at 1317. Assuming without deciding whether the Eleventh Circuit would follow *Lamar* rather than the number of district court cases within the circuit that have rejected that holding, the Court notes that the *Lamar* holding only supports severance here if the co-employee claim arises under the workmen's compensation laws of the state of Alabama. A&G argues that the co-employee claim does arise under the workmen's compensation laws of the state of Alabama, while Plaintiffs argue that it does not.

Neither the Eleventh Circuit nor any district court in Alabama has addressed whether actions against co-employees arise under the workmen's compensation laws of the state of Alabama for purposes of § 1445(c); however, a district court in Alabama has addressed whether a claim brought pursuant to another provision in the same section of the Alabama Worker's Compensation Act ("AWCA") arises under the workmen's compensation laws of the state of Alabama for purposes of § 1445(c). *See Ala. Mun. Workers Comp. Fund, Inc. v. P.R. Diamond Prod., Inc.,* 234 F. Supp. 3d 1165 (N.D. Ala. 2017). This Court finds the reasoning in *P.R. Diamond* persuasive in this case. The plaintiff in that case brought an action against the defendants in state court pursuant to §25-5-11(d) of the Alabama Code, a provision of the AWCA that allows an injured employee's employer or the employer's insurance carrier to bring a tort action against a

third party in the event that the injured employee does not file a lawsuit against the third party. *Id.* at 1171. The defendants removed the action based on diversity jurisdiction. *Id.* at 1166. The plaintiff filed a motion to remand the action based on several grounds, including its contention that removal was prohibited by § 1445(c) because its action arises under the workmen's compensation laws of Alabama. *Id.* at 1171. In addressing this argument, the court stated:

> Although the Alabama Worker's Compensation Act is undoubtedly a "workmen's compensation law" of the state of Alabama, and [the plaintiff] is right that it owes its ability to bring this action to § 25-5-11(d), this case does not arise under the Alabama Worker's Compensation Act for purposes of § 1445(c).
>
> In *Reed v. Heil Co.,* the Eleventh Circuit held that a claim of retaliatory discharge, brought pursuant to Alabama Code § 25-5-11.1, arose under the Alabama Worker's Compensation Act for purposes of § 1445(c). *Reed v. Heil Co.,* 206 F.3d 1055, 1058-60 (11th Cir. 2000). In doing so, the Court distinguished retaliatory discharge actions from common law tort claims, such as those [the plaintiff] asserts in this case. *Id.* at 1059 ("Cases focusing on whether common law causes of action 'arise under' workers' compensation laws for section 1445(c) purposes are inapposite."). The Court explained that the "retaliatory discharge cause of action increases workers' willingness to file compensation claims, and it limits employers' ability to discourage them. In so doing, § 25-5-11.1 encourages prompt and thorough medical attention for workplace injuries." *Id.* at 1060.
>
> The same reasoning does not apply to tort claims brought by the subrogees of injured workers, such as [the plaintiff]. The employer of an injured worker or the employer's insurer can bring claims on behalf of the worker only if the statute of limitations for the worker's own claim has expired. Ala. Code § 25-5-11(d). As a result, actions like the one brought by [the plaintiff] have little effect on the willingness of workers to bring claims, the ability of employers to discourage claims, or the availability of medical care in the workplace. Thus, *Reed* provides no justification for treating [the plaintiff's] claims as arising under Alabama's workmen's compensation laws. Instead, *Reed* suggests that tort claims, like [the plaintiff's], should be treated differently from retaliatory discharge claims that do arise under the workmen's compensation scheme.
>
> In addition, persuasive authority outside of the Eleventh Circuit indicates that tort claims brought in connection with the workmen's compensation

statutes of a particular state do not "arise under" those statutes. *See Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir. 1995) (holding that a claim brought pursuant to a provision of a state worker's compensation statute that provides a cause of action for intentional torts did not "arise under" the state's workmen's laws); *Houston v. Newark Boxboard Co.*, 597 F. Supp. 989, 991 (E.D. Wis. 1984) (holding that, while § 102.29 of the Wisconsin Worker's Compensation Act "may regulate the prosecution of the plaintiff's [personal injury] claims, those claims do not 'arise under' the state workmen's compensation laws, but rather under the common law of tort").

Generally, "[a] lawsuit arises under the law that creates the cause of action." *Am. Well Works v. Layne*, 241 U.S. 257, 36 S. Ct. 585, 60 L. Ed. 987 (1916). [The plaintiff's] claims of failure to warn, fraudulent representation, and breach of implied warranty were created by the law of tort and contract….**The Alabama Worker's Compensation Act is merely the statutory vehicle by which [the plaintiff] is able to bring the action to court**…. Thus, § 25-5-11(d) of the Alabama Worker's Compensation Act "may regulate the prosecution of [the plaintiff's] claims," but the action is ultimately one in tort and contract, and it does not arise under the Alabama Worker's Compensation Act for purposes of § 1445(c). *See Houston*, 597 F. Supp. at 991. Accordingly, § 1445(c) does not require remand in this case.

*P.R. Diamond,* 234 F. Supp. at 1171-72 (footnote omitted) (emphasis added).

Section 25-5-11(c) is likewise merely the statutory vehicle by which injured workers can bring a tort claim against their co-employees. Unlike the retaliatory discharge provision which was at issue in *Reed*, which created a cause of action for workers to seek compensation against employers who retaliate against them for pursuing benefits under the AWCA, § 25-5-11(c) restricts the ability of workers to pursue certain causes of action against co-employees that existed prior to implementation of the AWCA. Under these circumstances, it can hardly be said that Plaintiff's action against the co-employees "arises under" workmen's compensation laws for the purpose of § 1445(c).

The Court finds no grounds to exercise any discretionary authority it may have to

14

sever the co-employee claims from the third-party tort claims. *See* Fed. R. Civ. P. Rule 21 ("The court may also sever any claim against a party."). Because the issue of the mechanism of the injury to Shanks will be contested based on the allegations of the complaint, as well as damages, there will clearly be common questions of fact in the co-employee claims and the third-party tort claims. Judicial economy is best served under these circumstances by keeping the co-employee claim joined to the third-party tort claim. Based on the foregoing, the Court finds that Plaintiff's co-employee action is not required to be nor should be severed from the remaining tort claims.

## CONCLUSION

Because the addition of non-diverse co-employee defendants in this case destroys complete diversity and because the Court finds no ground for severance of the co-employee claims from the third-party tort claims, this action is due to be remanded. Accordingly, it is **RECOMMENDED** that Plaintiff's motion to remand (Doc. 16) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Dallas County, Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **12th** day of **March, 2019**.

> s/P. BRADLEY MURRAY
> **UNITED STATES MAGISTRATE JUDGE**